Nash, J.
The referee erred in some of the findings about which complaint is made by the plaintiff in error, and in others he was correct. It is only necessary for us to review those which were erroneous.
1. The referee found that in the years 1869 and ’70, the commissioners of Lucas County, each year, levied two mills on the dollar for roads and bridges, and that said commissioners were without authority to do so.
The act of March 9, 1868, (65 O. L., 14) was in force during those years. Section 17 of said act authorized commissioners in counties, where the taxable property exceeded ten million dollars, and was less than thirty million, to levy at their March session not less than two-tenths of a mill, nor more than two mills for road and bridge purposes. In 1869 the aggregate valuation of real and personal property in Lucas County for taxation, was $12,435,480, and -in 1870 $20,990,480.
The levies made by the commissioners of Lucas County for road and bridge purposes, in 1869 and ’70, were within the authority of this act.
2. In each of the years 1869, 1870, 1871, 1872 and 1873, the commissioners of Lucas County levied five-tenths of one mill for a special bridge fund, and these levies the referee pronounced illegal,. The act of May 4, 1869, (66 O. L., 96) provides, among other things, that in case any important bridge or bridges, belonging to, and maintained by any county, shall be destroyed by any casualty, and the restoration thereof is necessary for public accommodation, *60 the commissioners may levy a special tax for that purpose, not exceeding one-half mill on the dollar of taxable property of such county, the proceeds of which tax shall be applied solely to the restoration of such bridge or bridges. The referee found that the commissioners did not specify for what particular bridge or bridges, destroyed, these levies were made.
The county commissioners were clothed with power, each year, after finding that a certain state of facts existed, to make a levy not exceeding one-half of one mill. They were officers acting for the benefit of the general public, and having made the levy, we must presume that they found the precedent facts to exist, until the contrary is shown. The report of the referee did not show that such facts did not exist, and he erred in pronouncing the levies void, without evidence overthrowing this presumption in favor of the commissioners.
3. In the year 1870 the Commissioners of Lucas County levied one and five-tenth mills “ for infirmary,” and this levy the referee found to be five-tenths of a mill in excess of their power. In this matter there is a lack of fullness of statement on the part of the referee.
The act of May 4, 1869, authorized commissioners in counties having a tax duplicate of the size of that of Lucas County in 1870, to levy one and five-tenth mills “for the purpose.of building public county buildings and purchasing sites therefor, and lands for -infirmary purposes.” Infirmary buildings are “ public county buildings.” If this levy was for the purpose of building infirmary buildings, or purchasing sites therefor, it was within the power of the com-j missioners. If it was for any other purpose the finding of the referee was correct.
4. On the 24th of May, 1871, the city council of Toledo passed an ordinance, by which an aggregate levy of fifteen mills was made for various purposes of the city government. By section 648 of the municipal code, as amended May 2, 1871, (68 O. L., 135) the aggregate of all taxes levied or ordered by any corporation- over and above the tax for *61 county, state, school, and school-house purposes, could not exceed in any one year, in a city of the first-class, having a population of over thirty and less than eighty thousand inhabitants, fifteen mills on the dollar.
On the 19th of June, 1871, by another ordinance, the council of Toledo in addition to the levy of May 24, attempted to make a levjr of two mills, to provide a sinking fund for the redemption of certain bonds issued by the city of Toledo, and known as the Toledo and Woodville railroad bonds. This made the aggregate levy of the city council of Toledo, for all purposes in 1871, seventeen mills. This ordinance and levy was clearly void. Ohio ex rel etc., v. Humphries Auditor, 25 Ohio St., 520. Because of this the referee declared the ordinance of May 24, and the levy made thereby, illegal. In this he erred. The attempt of council, after having exhausted its power, to make another levy, did not invalidate its action previously taken within the scope of its power.
5. The proposition, which we have announced in paragraph four, will govern in the matter we are about to examine. On the 20th of May, 1872, an ordinance passed the council of Toledo, making a total levy of fifteen mills for the purposes of the city government. On the same day another ordinance passed, making a levy of one and five-tenth mills, for Toledo and Woodville railroad bonds. A third ordinance was passed on the same day, making a levy of one mill for water works bonds. The referee does not inform us which ordinance was acted upon first by the council. We infer that they were acted upon in the same order as mentioned in the referees report. If so, the council acted with authority, when it made the ordinance creating the levy of fifteen mills, and wholly without authority when it acted upon the other two ordinances. The first ordinance was valid. The other two were void.
6. On the 2d of June, 1873, the council of Toledo passed an ordinance levying fifteen mills for city purposes. On the same day, and afterwards, said council passed three other ordinances, levying two, two and five-tenths mills res *62 pectivety. Applying the rule heretofore laid down, the first ordinance was valid, and the last three were void.
7. The levies made by the city council of Toledo in 1874, present another question. On the first of June, the council by ordinance, made a levy of ten and five-tenths mills, for the pui'poses following :
MXLI.S.
For interest on floating debt bonds, - - 1.0
For sinking fund, .... 3.0
For Toledo and Woodville R. R., ... 2.0
For water works, .... 40
For public library, ..... 0.5
Total, ..... 10.5
By another ordinance passed June 8, the council made a levy of sixteen mills, for the purposes following :
MILLS.
For general fund, ..... 2.00
For fire department, .... 3,00
For infirmary, ..... 0.55
For bridges, ..... 0.50
For sanitary and street cleaning, ... 0.50
For street improvements and repairs, - - 2.30
For interest, - - - - - 3.25
For corporation lighting, - - • - 0.40
For police department, .... 2.00
For house of refuge, .... 0.50
For general river fund, - - - 1.00
Total, ..... 16.00
At the time of the passage of the first ordinance, the city council of Toledo had power to make a levy not to exceed fifteen mills for all purposes. ■ The first ordinance was valid, but it exhausted the power of council, except as to four and one-half mills. Possessing this limited power, council attempted on the 8th of June, to make a total lev3r of sixteen mills, mentioned above. The ordinance of June 8 was wholly void. The levy attempted to be made was in excess of the jurisdiction of the council, and was as deficient in *63 legal competency as if made without any authority whatever.

Judgment of the court of common pleas reversed.